IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

ATOKA COUNTY HEALTHCARE
AUTHORITY,

Debtor.

Case No. 17-80016
(Chapter 9)

**DEBTOR'S OBJECTION TO MOTION TO COMPEL DEBTOR TO ASSUME
OR REJECT LEASE WITH CIT BANK, N.A.**
**[Related to Doc. #31]**

Atoka County Healthcare Authority ("Debtor"), hereby files this objection (the "Objection") to CIT Bank N.A.'s *Motion to Compel Debtor to Assume or Reject Lease with CIT Bank, N.A.* [Doc. #31] (the "Motion").

1. CIT Bank N.A. ("CIT") has moved this Court for an order requiring Debtor to determine, whether the Debtor will assume or reject a lease executed in and between Debtor and First Financial Healthcare Solutions on May 16, 2016 (the "Lease").

2. CIT relies on 11 U.S.C. §362(h)(1)(A) and 11 U.S.C. §365(p) for its position that the Lease must be assumed or rejected. While CIT is correct that the Lease must be assumed or rejected, it is premature to set a deadline for the assumption and rejection of the Lease at this time.

3. For the timing of the rejection or assumption of the Lease, the rule "is that the trustee or debtor in possession has a reasonable time within which to decide" and the reasonableness of the time depends on the specific facts and circumstances of the case. *See* 3 Collier on Bankruptcy §363.04[2][b] (15th Ed. Rev. 2001) (citations omitted).

4. In addressing the timeliness of assuming and rejecting a lease, the Tenth Circuit in *In re Gulfco Inv. Corp.,* 520 F.2d 741, 743 (10th Cir. 1975), held "the trustee could not be

expected to decide the matter overnight" as a result of the complexity of the case, and the need for time to "evaluate the future resources of the bankrupt company."

5. In the case at bar, likewise, the Debtor has just embarked on the process of restructuring its business, and needs additional time in which to evaluate its options.

6. Section §365(d)(2) controls in regard to the assumption or rejection of an unexpired lease on personal property. Unless otherwise ordered, the only deadline in the election for assumption or rejection of a personal property unexpired lease is the Confirmation of a Chapter 9 reorganization plan. *See* 11 U.S.C. §365(d)(2). *See also In re Resource Technology Corp*., 254 B.R. 215, 226-27 (Bankr. N.D. Ill. 2000) (deadline to assume or reject not set until debtor's financial package in place).

7. No deadline for the assumption or rejection of the Lease should be set because it would be premature to assume or reject the Lease at this time. Alternatively, the Debtor would request that the Court set a deadline of a reasonable time, at least sixty (60) days, in light of the complexity of the case, in which Debtor may decide to accept or reject the Lease.

8. Furthermore, Debtor is current on all payment due under the Lease.

WHEREFORE, Debtor respectfully requests that CIT Bank, N.A.'s Motion be denied and for such other relief as may be proper and just. Alternatively, Debtor requests that the Court set a deadline of a reasonable time, at least sixty (60) days, in which to assume or reject the Lease.

Respectfully Submitted,

/s/ Jeffrey E. Tate
J. Clay Christensen (OBA # 11789)
Jeffrey E. Tate (OBA #17150)
Jonathan M. Miles (OBA #31152)
Christensen Law Group, P.L.L.C.
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma  73116
(405) 232-2020
(405) 236-1012 (facsimile)
clay@christensenlawgroup.com
jeffrey@christensenlawgroup.com
jon@christensenlawgroup.com

ATTORNEYS FOR DEBTOR

- 3 -