IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| In re: | ) | |
|---|---|---|
| | ) | Case No. 17-80016 |
| **ATOKA COUNTY HEALTHCARE AUTHORITY,** | ) | Chapter 9 |
| | ) | |
| Debtor. | ) | |

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her ninth periodic report, for the period May 29, 2018 to July 27, 2018.

/s/ Mark B. Toffoli
Mark B. Toffoli  OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma 73102
TELEPHONE: (405) 948-1978
TELEFACSIMILE: (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

Patient Care Ombudsman's Ninth Report in re: Atoka County Medical Center

Case 17-80016

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Ninth report.

**Factual Background**

On the 27TH day of January 2017, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Atoka County Healthcare Authority referred to herein as Atoka County Medical Center.

This is the Ombudsman's Ninth report and includes the reporting period from May 29, 2018 to July 27, 2018.

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This compliance survey is performed by either a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO). Either of these bodies will assess the hospital for compliance upon initial certification and approximately every three years thereafter. Hospitals may choose whether to be certified by the state agency or a private accreditation body such as JCAHO. State certification is done at no cost whereas hospitals pay a fee to be certified by JCAHO.

Atoka is certified as a Critical Access Hospital (CAH) and at the time of the bankruptcy filing, had been deemed to meet the Conditions of Participation by JCAHO. Atoka has chosen to have their next accreditation survey performed by the Oklahoma State Department of Health, the next survey schedule is unknown.

Atoka County Medical Center is also a "swing-bed" hospital meaning the hospital may use designated available beds for either Medicare licensed hospital care or Medicare licensed skilled nursing care. Thus, Atoka is responsible for meeting the Federal Regulations for Critical Access Hospitals and Swing-Beds in CAHs. (42 CFR 482.58)

Care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance where the guidance may differ, the more stringent regulation applies. Throughout the Ombudsman's monitoring role, in addition to other issues which may arise, Ombudsman is assessing whether observed care and services meet those requirements.

**Sixty-Day Review**

During this reporting period, Ombudsman was in contact with hospital staff to receive and exchange information regarding the function of the hospital. Following Atoka's management agreement with McAlester Regional Medical Center, an extended evaluation of all operations was initiated by the McAlester team on April 23, 2018. This review had not been completed as of this reporting period. A site visit was not conducted, the next site visit will be in August 2018.

On previous site visits, Ombudsman had observed issues with dietary services related to the bankruptcy. It is a requirement at CFR 485.635(a)(3)(vii) that the facility have "procedures that ensure that the nutritional needs of inpatients are met in accordance with recognized dietary practices and the orders of the practitioner responsible for the care of the patients. In this reporting period, Atoka, utilizing their relationship with McAlester Regional Medical Center has been restored to commercial food truck service. This will further strengthen the dietary department's ability to provide therapeutic menus consistently and as ordered. Additionally, the new dietician continues to provide full menu extensions thereby fostering full compliance with the dietary standards noted at CFR 485.635(a)(3)(vii).

During the prior site visit, it was observed that the oxygen line-isolation system was lacking routine preventative maintenance. Since that time, the line-isolation system has been inspected thus this issue is corrected. Ombudsman will continue to monitor biomedical and other equipment routine and preventative maintenance on future site visits.

Ombudsman has received two phone calls regarding the hospital in the last 60 days. One was a question regarding the bankruptcy and one was regarding a statement received. Neither related to concerns regarding the facility. It is evident that facility continues to do an excellent job of distributing the PCO Notice.

In this period, no additional concerns have arisen. Departments and team members are working closely with the new management team to identify opportunities for improvement. With the application of a robust quality improvement process, continued quality gains will be expected.

Wherefore, Ombudsman, Deborah Burian prays the Court accept and approve this 60-day report of Deborah Burian and for such other relief as the court deems just and appropriate.

Respectfully submitted,

Deborah Burian
2125 NW 28th St.
Oklahoma City, OK   73107
(405) 623-0778