IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re: )
) Case No. 17-80016
ATOKA COUNTY HEALTHCARE AUTHORITY, ) Chapter 9
)
Debtor. )

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her eleventh periodic report, for the period September 26, 2018 to November 24, 2018.

/s/ Mark B. Toffoli
Mark B. Toffoli OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma 73102
TELEPHONE: (405) 948-1978
TELEFACSIMILE: (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

Patient Care Ombudsman's Eleventh Report in re: Atoka County Medical Center

Case 17-80016

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Eleventh report.

**Factual Background**

On the 27TH day of January 2017, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Atoka County Healthcare Authority referred to herein as Atoka County Medical Center.

This is the Ombudsman's Eleventh report and includes the reporting period from September 26th to November 24, 2018.

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This compliance survey is performed by either a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO).

Atoka is certified as a Critical Access Hospital (CAH) and at the time of the bankruptcy filing, had been deemed to meet the Conditions of Participation by JCAHO. Atoka has chosen to have their next accreditation survey performed by the Oklahoma State Department of Health, the next survey schedule is unknown.

Atoka County Medical Center is also a "swing-bed" hospital meaning the hospital may use designated available beds for either Medicare licensed hospital care or Medicare licensed skilled nursing care. Thus, Atoka is responsible for meeting the Federal Regulations for Critical Access Hospitals and Swing-Beds in CAHs. (42 CFR 482.58)

Care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance where the guidance may differ, the more stringent regulation applies. Throughout the Ombudsman's monitoring role, in addition to other issues which may arise, Ombudsman is assessing whether observed care and services meet those requirements.

**Sixty-Day Review**

1) In addition to routine monitoring, a site visit was conducted on November 8, 2018. Ombudsman met with members of the leadership team, conducted rounds and interviewed residents, family members and staff. Census at time of visit was three so a limited number of observations were made.

2) There has been an ongoing concern with patient safety related to dietary practices. On the site visit of 11/8/2018 it was reported that facility had replaced dietary manager. Menus, extensions and dietary cards were reviewed, diets appeared to follow physician orders.

3) Due to previous issues, Ombudsman has been monitoring the routine maintenance of facility systems and of biomedical equipment. During the site visit of 8/14/18, it was noted that while the facility contracts with an outside vendor for management of durable medical equipment (DME) preventative maintenance (PM) there is not a robust internal system to ensure that DME is in condition for use on an ongoing basis. For example, the facility reportedly purchased new IV pumps which were placed into service without documentation that they had been certified for use by the manufacturer or by an approved vendor as required at CFR 482.41(c)(2) which notes "all equipment must be inspected and tested for performance and safety before initial use...". Facility has reported this issue as corrected. Based on observations of 11/8/2018, significant improvement is noted with 100% of observed equipment displaying timely inspection stickers. This area will continue to be monitored related to the history of non-compliance.

4) No telephone or site complaints or concerns were noted as of this monitoring period.

5) Patient Care Ombudsman Notice is observed to be publicly posted and to be included the patient admission packets.

6) In the next 60 days Ombudsman will conduct a site visit and will continue to monitor and provide services as needed.

Wherefore, Ombudsman, Deborah Burian prays the Court accept and approve this 60-day report of Deborah Burian and for such other relief as the court deems just and appropriate.

Respectfully submitted,

Deborah Burian
2125 NW 28th St.
Oklahoma City, OK   73107
(405) 623-0778