IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:                                         )
                                               )   Case No. 17-80016
**ATOKA COUNTY HEALTHCARE AUTHORITY,**         )   Chapter 9
                                               )
              Debtor.                          )

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her twelfth periodic report, for the period November 25, 2018 to January 23, 2019.

/s/ Mark B. Toffoli
Mark B. Toffoli  OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma  73102
TELEPHONE: (405) 948-1978
TELEFACSIMILE: (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

Patient Care Ombudsman's Twelfth Report in re: Atoka County Medical Center

Case 17-80016

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Twelfth report.

**Factual Background**

On the 27th day of January 2017, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Atoka County Healthcare Authority referred to herein as Atoka County Medical Center.

This is the Ombudsman's Twelfth report and includes the reporting period from November 25th to January 23rd, 2019.

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This compliance survey is performed by either a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO).

Atoka is certified as a Critical Access Hospital (CAH) and at the time of the bankruptcy filing, had been deemed to meet the Conditions of Participation by JCAHO. Atoka has chosen to have their next accreditation survey performed by the Oklahoma State Department of Health, the next survey schedule is unknown.

Atoka County Medical Center is also a "swing-bed" hospital meaning the hospital may use designated available beds for either Medicare licensed hospital care or Medicare licensed skilled nursing care. Thus, Atoka is responsible for meeting the Federal Regulations for Critical Access Hospitals and Swing-Beds in CAHs. (42 CFR 482.58)

Care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance where the guidance may differ, the more stringent regulation applies. Throughout the Ombudsman's monitoring role, in addition to other issues which may arise, Ombudsman is assessing whether observed care and services meet those requirements.

**Sixty-Day Review**

1) In addition to routine monitoring, a site visit was conducted on January 8, 2019. CEO was not present; however Ombudsman met with members of the staff conducted rounds and interviewed patients and staff. Census at time of visit was two.

2) There has been an ongoing concern with patient safety related to dietary practices. On the site visit of 11/8/2018 it was reported that facility had replaced dietary manager. Ombudsman interviewed the new dietary manager and reviewed status of kitchen. Manager appeared to understand basic safety issues and has contact information for the contract dietician should issues arise around therapeutic diets. It is reported that facility has engaged with a commercial food provider, Ben E. Keith, which will simplify matching meal preparation to the menus and extensions.

3) As previously noted, property has an ongoing issue with routine maintenance of durable medical equipment. It is a Medicare Condition of Participation, per CFR 482.41(c)(2) that *"Facilities supplies and equipment must be maintained to ensure an acceptable level of safety and quality."* The interpretive guidelines state *"... in addition, the hospital must make adequate provisions to ensure the availability and reliability of equipment needed for its operations and services. Equipment includes both facility equipment, which supports the physical environment of the hospital (e.g., elevators, generators, air handlers, medical gas systems, air compressors and vacuum system, etc,) AND (emphasis Ombudsman's) medical equipment, which are devices intended to be used for diagnostic, therapeutic or monitoring care provided to a patient by the hospital (e.g., IV infusion equipment, ventilators, laboratory equipment, surgical devices, etc.)* In 2017, the facility contracted with an outside firm, HMS to manage preventative maintenance and there have been issues with internal coordination ensuring that all equipment is routinely checked. Since prior monitoring visit, maintenance personnel have changed and it is reported that there is a new person leading maintenance. Ombudsman met with the new manager and reviewed his plan for maintenance monitoring. Ombudsman met with Chief Nursing Officer regarding this issue. He reports that HMS was 'just in' however; was unable to produce a record of that visit while Ombudsman was present. CNO assured Ombudsman that documentation is complete and will be provided. This area will continue to be monitored related to the history of non-compliance.

4) No telephone or site complaints or concerns were noted as of this monitoring period.

5) Patient Care Ombudsman Notice is observed to be publicly posted and to be included in the patient admission packets.

6) In the next 60 day monitoring period, Ombudsman will conduct a site visit and will continue to monitor and provide services as needed.

Wherefore, Ombudsman, Deborah Burian prays the Court accept and approve this 60-day report of Deborah Burian and for such other relief as the court deems just and appropriate.

Respectfully submitted,

Deborah Burian
2125 NW 28th St.
Oklahoma City, OK   73107
(405) 623-0778