# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

In re: )
) Case No. 17-80016
**ATOKA COUNTY HEALTHCARE AUTHORITY,** ) Chapter 9
)
Debtor. )

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her thirteenth periodic report, for the period January 25, 2019 to March 23, 2019.

/s/ Mark B. Toffoli
Mark B. Toffoli OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma 73102
TELEPHONE: (405) 948-1978
TELEFACSIMILE: (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

# Patient Care Ombudsman's Thirteenth Report in re: Atoka County Medical Center

Case 17-80016

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Thirteenth report.

**Factual Background**

On the 27TH day of January 2017, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Atoka County Healthcare Authority referred to herein as Atoka County Medical Center.

This is the Ombudsman's Thirteenth report and includes the reporting period from January 25, 2019 to March 23, 2019.

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This compliance survey is performed by either a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO).

Atoka is certified as a Critical Access Hospital (CAH) and at the time of the bankruptcy filing, had been deemed to meet the Conditions of Participation by JCAHO. Atoka has chosen to have their next accreditation survey performed by the Oklahoma State Department of Health, the next survey schedule is unknown.

Atoka County Medical Center is also a "swing-bed" hospital meaning the hospital may use designated available beds for either Medicare licensed hospital care or Medicare licensed skilled nursing care. Thus, Atoka is responsible for meeting the Federal Regulations for Critical Access Hospitals and Swing-Beds in CAHs. (42 CFR 482.58)

Care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance where the guidance may differ, the more stringent regulation applies. Throughout the Ombudsman's monitoring role, in addition to other issues which may arise, Ombudsman is assessing whether observed care and services meet those requirements.

**Sixty-Day Review**

1) On February 1, 2019, Ombudsman received a call stating that there had been an issue with the hospital manager being provided by McAlester Regional Medical Center (McAlester) under contract to Atoka County Medical Center and that Atoka County Healthcare Authority (Atoka) was considering separating their agreement with McAlester. Due to concerns regarding the potential for disruption in hospital services, ombudsman conducted an unannounced site visit on February 6th, 2019 and February 7, 2019 to evaluate operations and any issues which may have arisen.

2) At the time of the February visit, in response to reported concerns, a new temporary manager had been placed at Atoka through McAlester and hospital operations appeared to be proceeding smoothly. There were no staff nor client complaints and no concerns regarding operations or patient care. Employees were interviewed and reported no changes in hospital practices or services. The new manager was present and well informed regarding hospital issues and concerns. Ombudsman completed site visit and noted no concerns related to this change, however, will continue to monitor as situation evolves.

3) As part of the concern of February 1, 2019, there had been a complaint that employee records were accessed inappropriately. This was not verified.

4) Ombudsman continues to monitor dietary due to a history of concerns regarding patient safety related to dietary practices. Facility has engaged with a commercial food service provider (Ben E. Keith) which facilitates the overall provision of services. At the time of this visit, census was two (2) patients. Both individuals received correct meals as ordered by physician. Observations in the kitchen revealed a number of outdated or undated food items being stored in violation of OAC 310:257 and of the Conditions of Participation at 42 CFR Part 485 Subpart F) . This was reported to dietary supervisor and to management for correction.

5) Patient Care Ombudsman Notice is observed to be publicly posted and to be included in the patient admission packets.

6) In the next 60-day monitoring period, Ombudsman will conduct a site visit and will continue to monitor the changing environment; providing services as needed.

Wherefore, Ombudsman, Deborah Burian prays the Court accept and approve this 60-day report of Deborah Burian and for such other relief as the court deems just and appropriate.

Respectfully submitted,

Deborah Burian
3101 N. Classen Blvd. Suite 217
Oklahoma City, OK 73118
(405) 623-0778