IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re: )
) Case No. 17-80016
**ATOKA COUNTY HEALTHCARE AUTHORITY,** ) Chapter 9
)
Debtor. )

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her twenty-first periodic report, for the period May 10, 2020 through July 8, 2020.

/s/ Mark B. Toffoli
Mark B. Toffoli  OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma  73102
TELEPHONE: (405) 948-1978
TELEFACSIMILE: (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

# Patient Care Ombudsman's Twenty-first Report in re: Atoka County Medical Center

Case 17-80016

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Twenty-first report.

**Factual Background**

On the 27TH day of January 2017, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Atoka County Healthcare Authority referred to herein as Atoka County Medical Center.

This is the Ombudsman's Twenty-first report and includes the reporting period from through May 10, 2020 through July 8th, 2020.

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This compliance survey is performed by either a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO).

Atoka is certified as a Critical Access Hospital (CAH) and at the time of the bankruptcy filing, had been deemed to meet the Conditions of Participation by JCAHO. From February 25, 2020 and continuing to March 3, 2020, there was a CMS (Centers for Medicare and Medicaid Services) survey. This will serve as the re-accreditation survey for licensure and for Medicare/Medicaid certification. The survey results have not yet been received and it is unknown when they will be provided.

Atoka County Medical Center is a "swing-bed" hospital meaning the hospital may use designated available beds for either Medicare licensed hospital care or Medicare licensed skilled nursing care. Thus, Atoka is responsible for meeting the Federal Regulations for Critical Access Hospitals and Swing-Beds in CAHs. (42 CFR 482.58)

Care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance where the guidance may differ, the more stringent regulation applies. Throughout the Ombudsman's

monitoring role, in addition to other issues which may arise, Ombudsman is assessing whether observed care and services meet those requirements.

**Sixty-Day Review**

1) Due to the Covid-19 pandemic, Ombudsman did not conduct a site visit in this monitoring period. Virtual visits were conducted with the Chief Nursing Officer and other facility personnel. It is anticipated that as conditions stabilize, a site visit will be conducted in the next monitoring period

2) No complaints or concerns were received during the review period.

3) Throughout the reporting period, Ombudsman maintained contact with facility, speaking primarily to Chief Nursing Officer. At the onset of the pandemic, facility immediately and appropriately adopted the Centers for Disease Control (CDC) guidelines for health facilities. This resulted in a shut-down of visitation, intensive screening of employees, patients and contractors and temporarily closing the surgical suite. In this period, facility was briefly re-opened to visitation, however, as incidences of COVID 19 began to rise statewide, facility again closed to visitation. These actions have been effective and as of the date of this report, facility has reported no Covid 19 infections and necessary services continued without interruption.

4) Atoka Hospital remains in compliance with the Condition of Participation for Infection Control, C-0278 which states at 485.635(a)(3)(vi) *"This regulation requires the CAH to have facility-wide system for identifying, reporting, investigating and controlling infections and communicable disease of patients and personnel..."* and goes on to give guidance for communicable disease outbreaks including pandemics states *"Widespread pandemics present special challenges for CAH staffing, supplies, resupply, etc. CAHs should work with local, State, and Federal public health agencies to identify likely communicable disease threats and develop appropriate preparedness and response strategies."*

5) In this period, there have been no concerns related to the requirement at 483.15(f) that the property provides *"for an ongoing program of activities designed to meet, in accordance with the comprehensive assessment, the interests and the physical, mental and psychosocial well-being of each resident."* Per facility reports, this condition continues to be met.

6) There have been persistent and ongoing issues with the provision of Dietary services. Facility reports that they have addressed these issues, working with the consulting Registered Dietician and employing personnel changes as they deem necessary. The Condition of Participation for Nutritional Services, C-0279, at 485.635(a)(3)(vii) calls for *"Procedures that ensure that the nutritional needs of inpatients are met in accordance with recognized dietary practices and that the orders of the practitioner responsible for*

*the care of the patients and that the requirements of 483.25(i) of this chapter is met with respect to inpatients receiving post hospital SNF (Skilled Nursing Facility) care."* 483.25(i) states *"...based on a resident's comprehensive assessment, the facility must ensure that a resident – (2) Receives a therapeutic diet when there is a nutritional problem."* Ombudsman conducted virtual visits related to dietary on 6/18/20 and 7/7/20. Dietary staff and management report that issues are being addressed. Ombudsman was provided with updated information and menu exchanges which indicate facility is showing improvement in this area.

7) At this time, facility is not allowing outside visitors. The Oklahoma State Department of Health has also suspended routine surveys. Ombudsman will continue to work with facility remotely, monitoring the changing environment and will conduct an on-site visit as soon as practicable.

8) Wherefore, Ombudsman, Deborah Burian prays the Court accept and approve this 60-day report of Deborah Burian and for such other relief as the court deems just and appropriate.

Respectfully submitted,

Deborah Burian
3101 N. Classen Blvd. Suite 217
Oklahoma City, OK   73118
(405) 623-0778