IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:                                    )
                                          )    Case No. 17-80016
**ATOKA COUNTY HEALTHCARE AUTHORITY,**    )    Chapter 9
                                          )
         Debtor.                          )

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her twenty-second periodic report, for the period July 9, 2020 through September 7, 2020.

/s/ Mark B. Toffoli
Mark B. Toffoli  OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma  73102
TELEPHONE:  (405) 948-1978
TELEFACSIMILE:  (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

Patient Care Ombudsman's Twenty-second Report in re: Atoka County Medical Center

Case 17-80016

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Twenty-second report.

**Factual Background**

On the 27TH day of January 2017, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Atoka County Healthcare Authority referred to herein as Atoka County Medical Center.

This is the Ombudsman's Twenty-second report and includes the reporting period from through July 9th, 2020 through September 7th, 2020.

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This compliance survey is performed by either a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO).

Atoka is certified as a Critical Access Hospital (CAH) and at the time of the bankruptcy filing, had been deemed to meet the Conditions of Participation by JCAHO. Due to the ongoing Pandemic, the hospital's certification survey, which began in February of 2020, was not completed. It is unknown what the future status of certification will be, however, all indications are that certification activities will not go forward before 2021. Meanwhile, the hospital's license remains current and they are receiving their reimbursements as scheduled.

Atoka County Medical Center is a "swing-bed" hospital meaning the hospital may use designated available beds for either Medicare licensed hospital care or Medicare licensed skilled nursing care. Thus, Atoka is responsible for meeting the Federal Regulations for Critical Access Hospitals and Swing-Beds in CAHs. (42 CFR 482.58)

Care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance where the guidance may differ, the more stringent regulation applies. Throughout the Ombudsman's monitoring role, in addition to other issues which may arise, Ombudsman is assessing whether observed care and services meet those requirements.

**Sixty-Day Review**

1) Due to a growing number of Covid-19 cases in Atoka County, site visits are deferred to an unknown date. Virtual visits in accordance with established practices will continue.

2) During this monitoring period virtual visits were conducted with the Chief Nursing Officer and other facility personnel. Documents were received and reviewed, licensure status was monitored and Ombudsman ensured that patients continue to receive Patient Care Ombudsman Notice.

3) No complaints or concerns were received during the review period.

4) Atoka Hospital remains in compliance with the Condition of Participation for Infection Control, C-0278 which states at 485.635(a)(3)(vi) *"This regulation requires the CAH to have facility-wide system for identifying, reporting, investigating and controlling infections and communicable disease of patients and personnel..."* and goes on to give guidance for communicable disease outbreaks including pandemics states *"Widespread pandemics present special challenges for CAH staffing, supplies, resupply, etc. CAHs should work with local, State, and Federal public health agencies to identify likely communicable disease threats and develop appropriate preparedness and response strategies."* The hospital has taken active steps to manage the increase of Covid-19 cases in the community including acquiring necessary equipment, creating separate units for the care of Covid-19 patients, controlling vendor access to the facility and appropriately limiting visitation.

5) During the last review period, facility made a significant change to dietary practices, including changing the supervisor and updated the therapeutic menus. These improved practices remain in place. Facility is able to produce evidence of therapeutic menus and compliance in following those menus. There are no immediate concerns regarding the provision of dietary services.

6) At this time, facility is not allowing outside visitors. The Oklahoma State Department of Health has also suspended routine surveys. Ombudsman will continue to work with facility remotely, monitoring the changing environment and will conduct an on-site visit as soon as practicable.

7) Wherefore, Ombudsman, Deborah Burian prays the Court accept and approve this 60-day report of Deborah Burian and for such other relief as the court deems just and appropriate.

Respectfully submitted,

Deborah Burian
3101 N. Classen Blvd. Suite 217
Oklahoma City, OK   73118
(405) 623-0778