IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:                                          )
                                                 )   Case No. 17-80016
**ATOKA COUNTY HEALTHCARE AUTHORITY,**           )   Chapter 9
                                                 )
            Debtor.                              )
                                                 )

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her twenty-third periodic report, for the period September 8, 2020 through November 6, 2020.

/s/ Mark B. Toffoli
Mark B. Toffoli  OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma  73102
TELEPHONE:  (405) 948-1978
TELEFACSIMILE:  (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

Patient Care Ombudsman's Twenty-third Report in re: Atoka County Medical Center

Case 17-80016

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Twenty-third report.

**Factual Background**

On the 27TH day of January 2017, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Atoka County Healthcare Authority referred to herein as Atoka County Medical Center.

This is the Ombudsman's Twenty-second report and includes the reporting period from September 8th, 2020 through November 6th, 2020.

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This compliance survey is performed by either a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO). Atoka County Medical Center is a "swing-bed" hospital meaning the hospital may use designated available beds for either Medicare licensed hospital care or Medicare licensed skilled nursing care. Thus, Atoka is responsible for meeting the Federal Regulations for Critical Access Hospitals and Swing-Beds in CAHs. (42 CFR 482.58)

Due to the ongoing Pandemic, the hospital's certification survey, which began in February of 2020, was not completed. It is unknown what the future status of certification will occur, however, all indications are that certification activities will not go forward before 2021. Meanwhile, the hospital's license remains current and they continue to receive reimbursements as scheduled.

Critical Access care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance where the guidance may differ, the more stringent regulation applies. Throughout the Ombudsman's monitoring role, in addition to other issues which may arise, Ombudsman is assessing whether observed care and services meet those requirements.

**Sixty-Day Review**

1) During this monitoring period virtual visits were conducted with the Chief Nursing Officer and other facility personnel. The facility has now encountered a significant number of COVID-19 cases and continues to successfully follow CDC guidelines for the management of the pandemic.

2) In the review period, facility experienced an increase overall census as well as an increase in the number of Covid-19 patients. It is reported that portions of their "surge" plan were implemented which included limiting the total number of admissions to ensure that adequate staffing was available. This plan was effective and the increased care needs of the community have been successfully met. Facility is coordinating with Oklahoma and Texas in regional efforts to maximize the use of available beds and ensure that all patient needs are met.

3) As the Covid-19 pandemic continues, a number of procedures have been implemented including separating hospital facilities and staffing to ensure that there is no cross-over in patients or patient care staffing. Facility has used available federal funds to increase staffing and supplies where needed.

4) Atoka Hospital remains in compliance with the Condition of Participation for Infection Control, C-0278 which states at 485.635(a)(3)(vi) *"This regulation requires the CAH to have facility-wide system for identifying, reporting, investigating and controlling infections and communicable disease of patients and personnel..."* and goes on to give guidance for communicable disease outbreaks including pandemics states *"Widespread pandemics present special challenges for CAH staffing, supplies, resupply, etc. CAHs should work with local, State, and Federal public health agencies to identify likely communicable disease threats and develop appropriate preparedness and response strategies."* The hospital has taken active steps to manage the increase of Covid-19 cases in the community including acquiring necessary equipment, creating separate units for the care of Covid-19 patients, controlling vendor access to the facility and appropriately limiting visitation.

5) In regard to previous concerns regarding dietary services, facility has reportedly maintained the improvements noted in the prior report. Facility is able to produce evidence of therapeutic menus and compliance in following those menus. There are no immediate concerns regarding the provision of dietary services. General food service standards, including sanitation are usually monitored by local city or county health departments. Atoka has not had a City/County Health Department survey in the last two monitoring periods. This area of monitoring will be a priority as soon as on-site reviews are resumed.

6) Ombudsman is working with facility to resume on-site review in the next monitoring period; preparations and practices will include appropriate precautions in dealing with issues related to the pandemic.

7) Wherefore, Ombudsman, Deborah Burian prays the Court accept and approve this 60-day report of Deborah Burian and for such other relief as the court deems just and appropriate.

Respectfully submitted,

Deborah Burian
3101 N. Classen Blvd. Suite 217
Oklahoma City, OK   73118
(405) 623-0778