IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:                                          )
                                                )   Case No. 17-80016
**ATOKA COUNTY HEALTHCARE AUTHORITY,**          )   Chapter 9
                                                )
        Debtor.                                 )

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her twenty-fourth periodic report, for the period November 7, 2020 through January 5, 2021.

/s/ Mark B. Toffoli
Mark B. Toffoli  OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma  73102
TELEPHONE: (405) 948-1978
TELEFACSIMILE: (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

Patient Care Ombudsman's Twenty-fourth Report in re: Atoka County Medical Center

Case 17-80016

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Twenty-fourth report.

**Factual Background**

On the 27TH day of January 2017, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Atoka County Healthcare Authority referred to herein as Atoka County Medical Center.

This is the Ombudsman's Twenty-fourth report and includes the reporting period from 2020 through November 7th, 2020 through January 5, 2021.

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This compliance survey is performed by either a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO). Atoka County Medical Center is a "swing-bed" hospital meaning the hospital may use designated available beds for either Medicare licensed hospital care or Medicare licensed skilled nursing care. Thus, Atoka is responsible for meeting the Federal Regulations for Critical Access Hospitals and Swing-Beds in CAHs. (42 CFR 482.58)

Due to the ongoing Pandemic, the hospital's certification survey, which began in February of 2020, was not completed. It is unknown what the future status of certification will occur, however, all indications are that certification activities will not go forward before 2021. Meanwhile, the hospital's license remains current and they continue to receive reimbursements as scheduled.

Critical Access care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance where the guidance may differ, the more stringent regulation applies. Throughout the Ombudsman's monitoring role, in addition to other issues which may arise, Ombudsman is assessing whether observed care and services meet those requirements.

**Sixty-Day Review**

1) During this monitoring period both virtual and actual site visits were conducted with the Chief Nursing Officer and other facility personnel. The overall number of COVID patients is reducing and facility has begun to offer vaccination to staff members.

2) On November 9, 2020, the FDA authorized emergency use of a Monoclonal Antibody therapy, 'bamlanivimab' for treatment of COVID-19. Atoka County Medical Center has been approved as an administration site and has been able to offer this antibody treatment to a limited number

of qualifying patients. Throughout the period, Atoka County Medical Center has continued to successfully follow CDC guidelines for the management of the pandemic.

3) In the period since the twenty-third report, there has been no further need for Atoka to access their "surge" plan to deal with high COVID admissions. Care need of the community continue to be met. Facility is a member of Oklahoma's Region 5 and cooperates within the region to ensure patients requiring care have access to treatment locally and regionally as needed.

4) As the Covid-19 pandemic continues, several procedures have been implemented including separating hospital facilities and staffing to ensure that there is no cross-over in patients or patient care staffing between Covid positive and non-Covid patients. Atoka uses both rapid and polymerase chain reaction (PCR) testing which provides every availability for accuracy in testing. Facility has used available federal funds to increase staffing and supplies where needed.

5) Atoka Hospital remains in compliance with the Condition of Participation for Infection Control, C-0278 which states at 485.635(a)(3)(vi) *"This regulation requires the CAH to have facility-wide system for identifying, reporting, investigating and controlling infections and communicable disease of patients and personnel..."* and goes on to give guidance for communicable disease outbreaks including pandemics states *"Widespread pandemics present special challenges for CAH staffing, supplies, resupply, etc. CAHs should work with local, State, and Federal public health agencies to identify likely communicable disease threats and develop appropriate preparedness and response strategies."* The hospital has taken active steps to manage the increase of Covid-19 cases in the community including acquiring necessary equipment, creating separate units for the care of Covid-19 patients, controlling vendor access to the facility, and appropriately limiting visitation. During the in-person site visit, no issues were noted.

6) During the site visit, facility demonstrated appropriate use of therapeutic menus and compliance in following those menus. There are no immediate concerns regarding the provision of dietary services. General food service standards, including sanitation are usually monitored by local city or county health departments. Atoka has not had a City/County Health Department survey in the last three monitoring periods. Due to the gap in regular monitoring, Ombudsman observed sanitation in the food service area and had no concerns.

7) Due to ongoing concerns re: COVID transmission, no patients or family members were interviewed. It was observed that Patient Care Ombudsman notices are being distributed appropriately and no concerns have been received by Ombudsman during this monitoring period.

8) Wherefore, Ombudsman, Deborah Burian prays the Court accept and approve this 60-day report of Deborah Burian and for such other relief as the court deems just and appropriate.

Respectfully submitted,

Deborah Burian
3101 N. Classen Blvd. Suite 217
Oklahoma City, OK 73118
(405) 623-0778